LOCKE LORD LLP
Regina J. McClendon (State Bar No. 184669)
rmcclendon@lockelord.com
Jonathan S. Lieberman (State Bar No. 278058)
jlieberman@lockelord.com
44 Montgomery Street, Suite 2400
San Francisco, CA 94104
Telephone: 415-318-8810
Fax: 415-676-5816

Attorneys for Defendants
WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER
WITH WELLS FARGO BANK SOUTHWEST N.A.,
FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB,
FORMERLY KNOWN AS WORLD SAVINGS BANK FSB
(improperly named as "WELLS FARGO BANK fka
WACHOVIA MORTGAGE fsb, fka WORLD SAVINGS
BANK")

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE HUGHES,<br><br>             Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK fka WACHOVIA MORTGAGE fsb, fka WORLD SAVINGS BANK, DOES 1 through 10, inclusive,<br><br>             Defendants. | CASE NO. 3-13-CV-0499<br><br>**WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:   March 21, 2013<br>Time:   9 a.m.<br>Place:  Courtroom F- 15th Floor |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that on March 21, 2013, at 9 a.m., or as soon thereafter as the

matter may be heard in the above-entitled Court, Defendant Wells Fargo Bank, N.A., successor by

merger with Wells Fargo Bank Southwest N.A., formerly known as Wachovia Mortgage FSB,

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

formerly known as World Savings Bank FSB (hereinafter "Wells Fargo") will bring for hearing, in Courtroom F of the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California, its Motion to Dismiss the Complaint filed by Plaintiff Rose Hughes ("Plaintiff").

Wells Fargo seeks dismissal of the Complaint and each of its causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that (1) the Complaint is barred by the Agreement and Stipulation of Settlement Class between Wells Fargo and the Plaintiffs in the action entitled *In Re: Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practice Litigation*, M:09-CV-2015-JF (N.D. Cal.), (2) the causes of action in the Complaint are preempted by the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 *et seq.* and its implementing regulations, and (3) each cause of action in the Complaint fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, Defendant's Request for Judicial Notice, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.


Dated:  February 8, 2013                             Respectfully submitted,

                                                     LOCKE LORD LLP


                                                     By:  /s/ Jonathan S. Lieberman
                                                          Regina J. McClendon
                                                          Jonathan S. Lieberman

                                                     Attorneys for Defendant
                                                     WELLS FARGO BANK, N.A., SUCCESSOR
                                                     BY MERGER WITH WELLS FARGO BANK
                                                     SOUTHWEST N.A., FORMERLY KNOWN AS
                                                     WACHOVIA MORTGAGE FSB, FORMERLY
                                                     KNOWN AS WORLD SAVINGS BANK FSB

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

# <u>TABLE OF CONTENTS</u>

**Page**

I.            **INTRODUCTION**............................................................................................1

II.          **ISSUES TO BE DECIDED ON THIS MOTION** ......................................1

III.        **PERTINENT FACTS AND ALLEGATIONS** ........................................2

IV.         **LEGAL STANDARD** ..................................................................................4

V.           **LEGAL ARGUMENT** ................................................................................5

        A.    The Claims Asserted in the Complaint Have Been Released and Accordingly, The Complaint Fails to State a Claim Upon Which Relief Can be Granted..................5

        B.    Plaintiff's Claims All Fail Because They Are Preempted ............................................9

        C.    Plaintiff's Claims Fail for Additional Reasons ............................................................11

VI.        **CONCLUSION** ........................................................................................**21**

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Agosta v. Astor*,
120 Cal.App.4th 596 (2004) ..................................................................8

*Alperin v. Vatican Bank*,
410 F.3d 532 (9th Cir. 2005) ................................................................1

*Altman v. PNC Mortg.*,
No. 11-1807, 2012 WL 174966 (E.D. Cal. Jan. 20, 2012) ....................12

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009).........................................................................4

*Beck v. Wells Fargo Home Mortg., N.A.*,
No. 10-2150, 2010 WL 5340563 (S.D. Cal. Dec. 10, 2010) ..................7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................4

*Bernardo v. Planned Parenthood Fed. of America*,
115 Cal.App.4th 322 (2004) ................................................................11

*Bionghi v. Metro Water Dist.*,
70 Cal.App.4th 1358 (1999) ..................................................................9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
20 Cal.4th 163 (1999) .........................................................................12

*Christopher v. First Franklin Fin. Corp.*,
No. 10-17, 2010 WL 3895351 (S.D. Cal. Sept. 29, 2010)...................13

*Chroma Lighting v. GTE Products Corp.*,
111 F.3d 137, 1997 WL 175062 (9th Cir. 1997) ..................................8

*Copesky v. Superior Court*,
229 Cal.App.3d 678 (1991) ..................................................................9

*Cornejo v. JPMorgan Chase Bank*,
No. 11-4119, 2012 WL 628179 (C.D. Cal. Feb. 27, 2012) ..................13

*Cross v. Wells Fargo Bank, N.A.*,
No. 11–00447, 2011 WL 6136734 (C.D. Cal. Dec. 9, 2011) ................5

*Davenport v. Litton Loan Servicing, LP*,
725 F.Supp.2d 862 (N.D. Cal. 2010) .............................................10, 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

*DeLeon v. Wells Fargo Bank, N.A.*,
  No. 10-01390, 2011 WL 311376 (N.D. Cal. Jan. 28, 2011)..........................12, 13

*Dooms v. Federal Home Loan Mortg. Corp.*,
  No. 11–0352, 2011 WL 1303272 (E.D. Cal. Mar. 31, 2011) ............................6, 8

*Ehlert v. America's Servicing Co.*,
  No. 11-1359, 2011 WL 4862426 (S.D. Cal. Oct. 12, 2011) ....................................7

*Grill v. BAC Home Loans Servicing LP*,
  No. 10-03057, 2011 WL 127891 (E.D. Cal. Jan. 14, 2011) ....................................5

*Harris v. Rudin, Richman & Appel*,
  74 Cal.App.4th 299 (1999) ....................................................................................5

*Hawkins v. First Horizon Home Loans*,
  No. 10-1876, 2010 WL 4823808 (E.D. Cal. Nov. 22, 2010)..................................4

*Hollins v. Recontrust, N.A.*,
  No. 11-945, 2011 WL 1743291 (C.D. Cal. May 6, 2011) ....................................13

*Hutchful v. Wells Fargo Bank, N.A.*,
  471 Fed.Appx. 693 (9th Cir.2012)........................................................................11

*Johnston v. Ally Financial Inc.*,
  No. 11-0998, 2011 WL 3241850 (S.D. Cal. July 29, 2011) ..............................5, 6

*Justo v. Indymac Bancorp*,
  No. 09-1116, 2010 WL 623715 (C.D. Cal. Feb. 19, 2010) ................................12

*Katz v. Cal-Western Reconveyance Corp.*,
  No. 09-04866, 2010 WL 3768049 (N.D. Cal 2010) ..........................................4, 7

*Khoury v. Maly's of Cal., Inc.*,
  14 Cal.App.4th 612 (1993) ............................................................................11, 12

*Krantz v. BT Visual Images, LLC*,
  89 Cal.App.4th 164 (2001) ..................................................................................11

*Lal v. American Home Mortg. Servicing, Inc.*,
  No. 09-01585, 2009 WL 3126450 (E.D. Cal. Sept. 24, 2009) ..............................9

*Leids v. Metlife Home Loans*,
  No. 09-7016, 2009 WL 4894991 (C.D. Cal. Dec. 7, 2009) ..................................9

*Mabry v. Superior Court*,
  185 Cal.App.4th 208 (2010) ........................................................................10, 13

*Mehta v. Wells Fargo Bank, N.A.*,
  737 F.Supp.2d 1185 (S.D. Cal. 2010) ..................................................................6

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

*Melegrito v. CitiMortgage Inc.*,
    No. 11–01765, 2011 WL 2197534 (N.D. Cal. June 6, 2011) ...................................6, 7

*Mir v. Little Co. of Mary Hosp.*,
    844 F.2d 646 (9th Cir. 1988) ...............................................................................1

*Mora v. U.S. Bank N.A.*,
    No. 11-6598, 2012 WL 2061629 (N.D. Cal. June 7, 2012)...........................5, 7, 10

*Morales v. Chase Home Finance LLC*,
    No. 10-02068, 2011 WL 1670045 (N.D. Cal. Apr. 11, 2011)................................5

*Mosarah v. SunTrust Mortg.*,
    No. 11–01739, 2012 WL 2117166 (E.D. Cal. June 11, 2012).............................10

*Mueller v. Bank of America, N.A.*,
    No. 12-0074,2012 ...............................................................................................10

*Oestreicher v. Alienware Corp.*,
    322 Fed. Appx. 489 (9th Cir. 2009)......................................................................4

*Ortiz v. Accredited Home Lenders, Inc.*,
    639 F. Supp. 2d 1159 (S.D. Cal. 2009)...........................................................10, 11

*Ottolini v. Bank of America*,
    No. 11–0477, 2011 WL 3652501 (N.D. Cal. Aug. 19, 2011).............................11

*Pension Trust Fund v. Federal Ins. Co.*,
    307 F.3d 944 (9th Cir. 2002) ...............................................................................9

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F. 3d 788 (9th Cir. 2007) .............................................................................11

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
    No. 09-1561, 2010 WL 392312 (S.D. Cal. Jan. 27, 2010) .................................10

*Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*,
    11 Cal.App.4th 1031 (1992) .................................................................................8

*Reyes v. Wells Fargo Bank, N.A.*,
    No. 10-01667, 2011 WL 30759 (N.D. Cal. Jan. 3, 2011)....................................7

*Robinson v. Bank of America, N.A.*,
    No. 10–2135, 2010 WL 5114738 (E.D. Cal. Dec. 9, 2010) ................................6

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
    732 F. Supp. 2d 952 (N.D. Cal. 2010)................................................................10

*Scripps Clinic v. Superior Court*,
    108 Cal.App.4th 917 (2003) ...............................................................................12

*Sears, Roebuck & Co. v. Metro. Engravers, Ltd.*,
    245 F.2d 67 (9th Cir. 1957) ..........................................................................................4

*Secrest v. Security Nat. Mortg. Loan Trust 2002–2*,
    167 Cal.App.4th 544 (2008) .......................................................................................6

*Simila v. American Sterling Bank*,
    No. 09-781, 2010 WL 3988171 (S.D. Cal. Oct. 12, 2010) .......................................12

*Sipe v. Countrywide Bank*,
    No. 09-798, 2010 WL 2773253 (E.D. Cal. July 13, 2010) ......................................12

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .....................................................................................4

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* ..................................................................3, 11

Cal. Bus. & Prof. Code § 17204 .......................................................................................11

Civil Code § 2923.5 .................................................................................................. passim

**FEDERAL RULES**

Rule 8 ................................................................................................................................4

Rule 12(b)(6) ..................................................................................................................4, 5

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Hughes v. Wells Fargo Bank.,*  Case No. 3-13-CV-0499

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

On October 22, 2007, Plaintiff Rose Hughes ("Plaintiff") obtained a loan in the amount of $448,500 secured by real property located at 183 Ralston Avenue, San Francisco, California (the "subject property").  In or around June of 2011, Plaintiff defaulted on her payment obligations, and Wells Fargo subsequently recorded a Notice of Default indicating that plaintiff was $23,847.63 in arrears.  Wells Fargo thereafter lawfully caused a Notice of Trustee's Sale to be recorded, and over a year later, the subject property was sold at auction.  Approximately three months later, this action was filed in the Superior Court of San Francisco alleging impropriety with the loan product, the appraisal of the subject property at the time the loan was originated, and representations of Wachovia and Wells Fargo representatives.  The case was subsequently removed to this Court.

Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest N.A., formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank FSB (hereinafter "Wells Fargo") now brings this motion to dismiss Plaintiff's Complaint on several grounds.  First, Plaintiff's loan, referred to as a "Pick-a-Payment" loan, was the subject of a class action lawsuit that settled in 2010.  Plaintiff was a member of the Settlement Class in that action, was given notice of the settlement, and did not opt-out.  To the extent her Complaint asserts claims concerning the origination of the loan, those claims are barred by the Settlement Agreement and Final Approval Order in the class action.  Second, the causes of action in Plaintiff's Complaint are preempted by the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 *et seq*. ("HOLA") and its implementing regulations.  Third, and independently, none of Plaintiff's five causes of action state a claim against Wells Fargo.  In fact, the purported claims are so deficient that it does not appear that amendment could cure them.  Wells Fargo's motion should therefore be granted without leave to amend.

## II.     ISSUES TO BE DECIDED ON THIS MOTION

1.     Whether Plaintiff's Complaint is barred by the Agreement and Stipulation of Settlement Class Action (hereinafter "Settlement Agreement") and Order Granting Final Approval in

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

1    the action entitled *In Re: Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales*

2    *Practice Litigation*, M:09-CV-2015-JF.

3          2.      Whether the causes of action in Plaintiff's Complaint are preempted by the Home

4    Owners' Loan Act of 1933, 12 U.S.C. § 1461 *et seq.* ("HOLA") and its implementing regulations.

5          3.      Whether Plaintiff's first cause of action to "Cancel Instruments" states a claim on

6    which relief can be granted

7          4.      Whether Plaintiff's second cause of action for unlawful/unfair business practices

8    states a claim on which relief can be granted.

9          5.      Whether Plaintiff's third cause of action for breach of contract states a claim on

10   which relief can be granted.

11         6.      Whether Plaintiff's fourth cause of action for breach of the implied covenant of good

12   faith and fair dealing states a claim on which relief can be granted.

13         7.      Whether Plaintiff's fifth cause of action for negligence states a claim on which relief

14   can be granted.

15   ## III.     PERTINENT FACTS AND ALLEGATIONS

16         On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint,

17   but not conclusions of law.  *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005).  Also, "it is

18   proper for the district court to 'take judicial notice of matters of public record outside the pleadings'

19   and consider them for purposes of the motion to dismiss."  *Mir v. Little Co. of Mary Hosp.*, 844 F.2d

20   646, 649 (9th Cir. 1988).  In keeping with these tenets, and without conceding for any other purpose

21   the truth of Plaintiff's allegations, Wells Fargo sets forth the facts pertinent to this motion.

22         Plaintiff alleges sparse facts in support of her allegations, though many of these gaps can be

23   filled with judicially noticeable documents.  On October 22, 2007, Plaintiff obtained a $448,500

24   "Pick-a-Payment" adjustable rate mortgage loan with an initial interest rate of 7.85% from World

25   Savings Bank, FSB ("World Savings"). (Compl. ¶5; RJN Ex. A).  World Savings later changed its

26

27

28

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Hughes v. Wells Fargo Bank.*,  Case No. 3-13-CV-0499

1  name to "Wachovia Mortgage, FSB," which later merged into Wells Fargo Bank, N.A.[1]

2      The loan was secured by real property located at 183 Ralston Avenue, San Francisco,

3  California (the "subject property"), as shown by a Deed of Trust recorded with the San Francisco

4  County Recorder's office on October 31, 2007.   (Compl. ¶5; RJN Ex. B).  Plaintiff claims that at the

5  time the loan was made, World Savings over-appraised the value of her home by $200,000.  (Compl.

6  ¶ 7).

7      Plaintiff alleges that beginning in 2009, she attempted to modify her loan with Wachovia

8  Mortgage, FSB ("Wachovia"). (Compl. ¶  8).  She alleges that Wachovia representatives told her

9  that she would receive a loan modification and to that end, she "worked with Wachovia and sent

10  numerous sets of documents and requests."  (Id.).  After Wachovia merged into Wells Fargo

11  "sometime in 2010," Plaintiff claims that she continued to make "submissions" to Wells Fargo

12  representatives and was assured that until a modification was approved, no foreclosure would take

13  place.  (Id. at ¶ 9).

14      At some time prior to June 2011, Plaintiff defaulted on her payment obligations.  (See

15  Compl. ¶ 9).  On June 7, 2011, a Notice of Default and Election to Sell was recorded indicating that

16  Plaintiff was in default in the amount of $23,847.63 as of June 3, 2011.  (RJN Ex. C).  The Notice

17  also contained a declaration that Plaintiff had been contacted as required by California Civil Code §

18  2923.5.  (Id. at 4).  Plaintiff acknowledges receiving the Notice of Default but alleges that Wells

19  Fargo representatives assured her that no foreclosure would take place and that the notices "could be

20  ignored."  (Compl. ¶ 9).

21      On August 30, 2011, Wells Fargo recorded a Substitution of Trustee.  (RJN Ex. D).  On

22  September 8, 2011, a Notice of Trustee's Sale was recorded indicating that the total unpaid balance

23  of the loan and reasonable estimated costs, expenses, and advances was $472,258.17.  (RJN Ex. E).

24  On September 17, 2012 the home was sold at a foreclosure sale to Wells Fargo, and a Trustee's

25  Deed Upon Sale was recorded on September 20, 2012.  (RJN Ex. F).

26

27  [1] Attached to the accompanying Request for Judicial Notice ("RJN") as Exhibits L-O  are documents issued by the Office of Thrift Supervision, the Office of the Comptroller of the Currency, and the

28  FDIC that evidence this name change and merger.

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

1     On December 28, 2012, Plaintiff filed this action, attempting to bring five causes of action

2  against Wells Fargo for (1) "Cancellation of Instruments," (2) Violation of Business and Professions

3  Code § 17200, *et seq*., (3) Breach of Contract, (4) Breach of the Implied Covenant of Good Faith and

4  Fair Dealing, and (5) Negligence.

5     While Plaintiff's requests for relief are vague at best, she appears to be requesting injunctive

6  relief in the form of cancellation of the deed of trust and trustee's deed upon sale and an order that

7  Wells Fargo modify her loan. (Compl. ¶¶ 23).  She also seeks unspecified compensatory damages.

8  (Compl. ¶¶ 20, 27, 31).

9     Plaintiff's "Pick-a-Payment" loan product has been the subject of other litigation.  In August

10  2007, a putative class action lawsuit entitled *Mandrigues v. World Savings, Inc. et al.*, Case No.

11  5:07-cv-04497-JF was filed in this Court concerning the same "Pick-a-Payment" loan product at

12  issue in this action.  Judge Fogel presided over that action.  *Mandrigues* was heavily litigated for

13  several years, during which time the MDL panel transferred numerous other "Pick-a-Payment" class

14  actions and single-plaintiff actions to Judge Fogel for coordinated pretrial proceedings.  After

15  extensive motion practice, the parties reached a settlement whereby Wells Fargo agreed to pay $50

16  million to the class and implement a loan modification program available to qualified class

17  members.  In return, the class members released all claims that were or could have been asserted in

18  the lawsuit and agreed that the settlement was their "sole and exclusive" remedy.  (RJN, Ex. I).

19     On December 16, 2010, the Court granted preliminary approval of the settlement terms and

20  conditional class set forth in the Agreement and Stipulation of Settlement Class Action (hereinafter

21  "Settlement Agreement") in the action, then entitled *In Re: Wachovia Corp. "Pick-a-Payment"*

22  *Mortgage Marketing and Sales Practice Litigation*, M:09-CV-2015-JF ("*In Re: Wachovia*").  (RJN,

23  Ex. H).  On May 17, 2011, the Court granted final approval of the terms and conditional class set

24  forth in the Settlement Agreement.  (RJN, Ex. I).

25  **IV.    LEGAL STANDARD**

26     "A Rule 12(b)(6) dismissal may be based on either 'the lack of a cognizable legal theory or

27  the absence of sufficient facts alleged under a cognizable legal theory.'"  *Oestreicher v. Alienware*

28  *Corp.*, 322 Fed. Appx. 489, 493 (9th Cir. 2009) (citation omitted).  "Rule 8 … does not unlock the

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

1  doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129

2  S. Ct. 1937, 1950 (2009).  Instead, a plaintiff must allege facts that are sufficient to "raise a right to

3  relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

4  (citations omitted).  A court is not required to accept as true a legal conclusion couched as a factual

5  allegation. *Iqbal*, 129 S.Ct. at 1949.  Further, "the court need not accept allegations as true if they

6  are contradicted by documents before the court." *Hawkins v. First Horizon Home Loans*, No. 10-

7  1876, 2010 WL 4823808, \*9 (E.D. Cal. Nov. 22, 2010); *see also Sprewell v. Golden State Warriors*,

8  266 F.3d 979, 988 (9th Cir. 2001) (holding that a court need not "accept as true allegations that

9  contradict matters properly subject to judicial notice or by exhibit"); *Sears, Roebuck & Co. v. Metro.*

10  *Engravers, Ltd*., 245 F.2d 67, 70 (9th Cir. 1957) ("[J]udicial notice may be taken of a fact to show

11  that a complaint does not state a cause of action.").

12  **V.    LEGAL ARGUMENT**

13      **A.    The Claims Asserted in the Complaint Have Been Released and Accordingly,**

14          **The Complaint Fails to State a Claim Upon Which Relief Can be Granted**

15      It is well settled that claims asserted in a complaint which have been released by the plaintiff

16  are the proper subject of a Fed. R. Civ. P. 12(b)(6) motion and should be dismissed.  *See Reyn's*

17  *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).  In the present case, plaintiff

18  was a member of the settlement class in the class action lawsuit *In Re: Wachovia Corp. "Pick-a-*

19  *Payment" Mortgage Marketing and Sales Practice Litigation*, M:09-CV-2015-JF ("*In Re:*

20  *Wachovia*").  Under the Settlement Agreement, she released all claims that were or could have been

21  brought in that action involving the origination of her "Pick-a-Payment" loan.  Thus, her Complaint

22  should be dismissed.

23      **1.    Plaintiff Is a Member of the *In Re Wachovia* Settlement Class**

24      For the purposes of settlement, the Court in *In Re: Wachovia* certified three subclasses that

25  together comprised the putative class.  "Settlement Class B" was defined as:

26      All current Borrowers of World Savings Bank, FSB or Wachovia Mortgage, FSB,
27      now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A.
       ("Wachovia Mortgage") who, (a) on or after August 1, 2003 and on or before
28      December 31, 2008 entered into a loan transaction with Wachovia Mortgage that is
       secured by their primary residence; (b) obtained financing from Wachovia Mortgage

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA   94104

pursuant to a Pick-a-Payment mortgage loan promissory note; (c) have not previously released their claims pursuant to another settlement agreement, final judgment, or other dealings with Wachovia Mortgage; and (d) as of the Date of Preliminary Approval, still have a Pick-a-Payment mortgage loan and are not in Default.

(RJN, Ex. J, Section IV, ¶ B, p. 30)  "Settlement Class C" is identical, except that it includes borrowers that, as of the date of Preliminary Approval, "still have a 'Pick-a-Payment' mortgage loan and are in default."  (*Id.* at  ¶ C(d), p. 31).[2]

Plaintiff falls within either Settlement Class B or C.  She obtained a "Pick-a-Payment" loan from World Savings, secured by the subject property, on October 22, 2007.  (RJN, Exs. A, B).  There is no dispute that the subject property was Plaintiff's residence.  (Compl. ¶ 1).  Thus, factors (a) and (b) are met.  Further, there are no allegations that Plaintiff was involved in any prior lawsuit or settlement with World Savings, Wachovia, or Wells Fargo.  *Cf.* Complaint.  Thus, factor (c) is met.

The Settlement Agreement was preliminarily approved on December 16, 2010.  (RJN, Ex. H).  The term "Default" as used in the Settlement Agreement means that a borrower's payment is 60 or more days past due.  (RJN Ex. J).  Thus, depending on whether Plaintiff's payments were 60 or more days past due on December 16, 2010, Plaintiff is a member of either "Settlement Class B" or "Settlement Class C."[3]  Regardless of which sub-class is applicable, Plaintiff and her "Pick-a-Payment" loan falls squarely within the Settlement Class in the *In Re: Wachovia* action.

**2.      As a Member of the Settlement Class, Plaintiff is Bound by the Terms of the Settlement Agreement.**

In a class action lawsuit, once the district court certifies a class under Federal Rule of Civil Procedure 23, all class members are bound by the judgment unless they opt out of the suit.  *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007).  In the final order

---

[2] Plaintiff does not fall within "Settlement Class A" because that group consisted of borrowers who (as of the December 2010 date of Preliminary Approval) no longer had a "Pick-A-Payment" loan. Plaintiff had her loan until it was foreclosed on in 2012.  (RJN Ex. F).

[3] It is not apparent from the face of the Complaint or from judicially noticeable documents whether Plaintiff falls within Settlement Class B (persons who were not in default as of the date of Preliminary Approval) or Settlement Class C (persons who were in default as of the date of Preliminary Approval).  However, which of these subclasses Plaintiff falls into is irrelevant to this motion because she indisputably must fall within one or the other, and the release language binding each of the subclasses is identical.

6

1    approving the *In Re: Wachovia* settlement, Judge Fogel certified the settlement class, including the

2    three subclasses as defined in the Settlement Agreement. (RJN, Ex. I, p. 5:19-6:1). The Settlement

3    Agreement made clear that all settlement class members who did not opt out of the settlement were

4    bound by its terms. (RJN, Ex. J, Section XIV, ¶ A, p. 55). Despite an opportunity to do so, Plaintiff

5    did not opt out. (RJN, Ex. K, p. 89).

6        Plaintiff cannot now argue that the Settlement Agreement should not apply to her, even if she

7    remained on the sidelines and did not participate in the *In Re: Wachovia* action. Class counsel

8    provided adequate notice that satisfied all requirements of the Federal Rule of Civil Procedure 23(e)

9    and due process. (RJN, Ex. I, p. 5:12-13). Class members received direct notice by U.S. Mail, and

10   additional notice was given by publication on the Internet and in *USA Today*. (*Id.*) These methods

11   met the standards for adequate notice as they "were the best practicable means of informing class

12   members of their rights and of the settlement's terms." (*Id.* at 5:13-17, citing to *Silber v. Mabon*, 18

13   F.3d 1449, 1453-54 (9th Cir. 1994) (affirming district court's conclusion that notice by direct mail

14   and publication was best practicable notice)).

15       Moreover, the Court found the settlement to be "'fundamentally fair, adequate, and

16   reasonable' as is required under Federal Rule of Civil Procedure 23(e) and applicable Ninth Circuit

17   authority." (RJN, Exhibit H, p. 4:16-19, citing *Mego Financial Corp. Sec. Litig.*, 213 F.3d 454,

18   458 (9th Cir. 2000); *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir.

19   1982)).

20       Finally, the class' representation in *In Re: Wachovia* was adequate and cannot be challenged.

21   Where the class action court has jurisdiction over an absent member of a plaintiff class, and it

22   litigates and determines the adequacy of the representation of that member, the member is foreclosed

23   from later relitigating the issue. *In re: Diet Drugs Prods. Liab. Litig.*, 431 F.3d 141, 146 (3rd Cir.

24   2005). The Court in *In Re: Wachovia* found that Plaintiffs' attorneys were "experienced and able,

25   and fairly and adequately have represented and will continue to represent the interests of the class."

26   (RJN Ex. I, p. 6:2-4). Therefore, as a member of the settlement class who was given proper notice of

27   a "fair and adequate" settlement achieved by "experienced and able" attorneys, Plaintiff is bound by

28   the terms of that settlement.

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

7

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

### 3.      The Terms of the Settlement Agreement Bar Plaintiff's Claims

Under the Settlement Agreement, class members who did not opt out released Wells Fargo from any claims, both known and unknown, arising out of the origination of their loans.  The release language in the Settlement Agreement is clear:

> **A. The Release:** In consideration for the Settlement Benefits described herein, each and all of the Plaintiffs hereby agree to and by operation of law shall be deemed to agree to <u>fully, finally, and completely release and forever discharge the Alleged Claims and every actual or potential known or unknown claim</u>, liability, right, demand, suit, matter, obligation, damage, loss or cost, action or cause of action, of every kind and description that the Releasing Party has or may have, including assigned claims and Unknown Claims, asserted or unasserted, latent or patent, <u>that is, has been, or could have been or in the future might be asserted by any Releasing Party in the Lawsuit</u> . . . regardless of the type or amount of relief or damages claimed, against any of the Released Entities, <u>arising out of the Alleged Claims, the origination of the Settlement Class Member's Pick-a-Payment mortgage loan . . . negative amortization</u>, the Pick-a-Payment mortgage loan's potential for negative amortization, the disclosure of the Pick-a-Payment mortgage loan's potential for negative amortization, and the disclosure of the manner in which payments would be applied to principal and interest.

RJN Ex. J, Section V, ¶ A, p. 67-68 (emphasis added).  The "Alleged Claims" in the *In Re: Wachovia* action included claims that Wells Fargo[4] violated state unfair competition laws, state unfair and deceptive trade practices statutes, and state consumer protection laws; breached the terms of the Parties' contracts; engaged in fraudulent misrepresentations or omissions; and breached the implied duty of good faith and fair dealing in connection with the Plaintiff's "Pick-a-Payment" mortgage loans.  (RJN Ex. J, Section I, ¶ 1.6, p. 48-49).

Moreover, the Settlement Agreement was clear that it constituted the "sole and exclusive" remedy of Settlement Class members against Wells Fargo relating to any and all "Alleged Claims." (RJN Ex. I, Section XIV, ¶ A, p. 55).  With respect to those Settlement Class members who did not request to opt out of the class, the Settlement Agreement was even more explicit:

> No Released Entity shall be subject to any other Alleged Claim-related liability or expense of any kind to any Settlement Class Member who has not timely filed a valid Request for Exclusion with respect to any Alleged Claim.  <u>Upon the Effective Date, each and every Settlement Class member shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Alleged Claim(s) against any Released Entity in any court, tribunal, forum, or proceeding.</u>

---

[4] The entities released under the Settlement Agreement include Wells Fargo Bank, N.A., Wachovia Mortgage, FSB, and World Savings, FSB.  RJN Ex. J, Section I, ¶ 1.60, p. 24.

8

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

1   RJN Ex. J, Section XIV, ¶ A, p. 55 (emphasis added).   Thus, all of Plaintiff's claims, to the

2   extent they assert improprieties in the origination of her loan, are barred by this provision.  Each of

3   Plaintiff's causes of action relies on allegations that Wells Fargo made a predatory, negative

4   amortization loan and improperly appraised the value of her home at the time of the loan origination.

5   (Compl. ¶¶ 5, 7).  All of her claims thus relate to issues arising out of the origination of Plaintiff's

6   loan and were explicitly released in the Settlement Agreement.  (RJN Ex. J, Section V, ¶ A, p. 67-

7   68).  Because these deficiencies cannot be cured, this Court should dismiss Plaintiff's Complaint

8   with prejudice.

9   **B.     Plaintiff's Claims All Fail Because They Are Preempted**

10   Wells Fargo's motion to dismiss should also be sustained because each of the causes of

11   action is preempted by the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 *et seq*. ("HOLA")

12   and its implementing regulations promulgated by the Treasury Department's Office of Thrift

13   Supervision ("OTS"), 12 C.F.R. § 560, *et seq*.

14   Under the Supremacy Clause, U.S. Const. art. VI, cl. 2, a federal law will preempt a state law

15   "when federal regulation in a particular field is so pervasive as to make reasonable the inference that

16   Congress left no room for the States to supplement it."  *Bank of Am. v. City & Cnty. of S.F.*, 309 F.3d

17   551, 558 (9th Cir.2002) (citation omitted).  HOLA was enacted "to charter savings associations

18   under federal law…."  *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008).  "To

19   achieve this purpose, Congress authorized the OTS to promulgate regulations governing federal

20   savings associations."  *Casas v. Wells Fargo Bank N.A.*, No. 12-01742, 2012 WL 5877641, *3 (N.D.

21   Cal. 2012) (citing 12 U.S.C. § 1464; *Silvas*, 514 F.3d at 1005).  "OTS occupies the entire field in that

22   regard."  *Id*. (citing 12 C.F.R. § 560.2(a)).

23   "HOLA's implementing regulations set forth a list, 'without limitation,' of the categories of

24   state laws that are expressly preempted…"  *Casas*, 2012 WL 5877641 at *3.  Those include: "The

25   terms of credit … including the circumstances under which a loan may be called due and payable

26   upon the passage of time or a specified event external to the loan," "Loan-related fees, including

27   without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit

28   fees," "Security property," "Disclosure and advertising," and "Processing, origination, servicing,

9

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

1  sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(4)-(5),

2  (b)(7), (b)(9)-(10)).  "HOLA and its related regulations have been described as 'so pervasive as to

3  leave no room for state regulatory control.'" *Casas*, 2012 WL 5877641 at *3 (quoting *Conference of

4  Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1260 (9th Cir.1979), aff'd, 445 U.S. 921 (1980)).

5  If a state law falls into one of the enumerated categories, it is preempted.  *Silvas*, 514 F.3d at 1005.

6  If it does not fall into one of the enumerated categories, but affects lending, a presumption of

7  preemption arises that is reversed only "if the law can clearly be shown to fit within the confines of

8  paragraph (c) [of § 560.2]." *Id.*

9       "HOLA applies to federal savings associations, including federal savings banks." *Casas*,

10  2012 WL 5877641 at *3 (citing 12 U.S.C. § 1464).  And, here, just as in *Casas*, "[t]hough Defendant

11  Wells Fargo is not a federal savings bank, as successor-in-interest to World Savings Bank, a federal

12  savings bank and the loan originator, Defendant will be treated as such for the purposes of

13  preemption under HOLA."  *See id.*; *accord DeLeon v. Wells Fargo Bank, N.A.*, 729 F.Supp.2d 1119,

14  1126 (N.D. Cal. 2010) (holding that HOLA applies to Wells Fargo Bank, N.A. as successor-in-

15  interest to World Savings Bank, FSB).

16       Here, all five of Plaintiff's causes of action turn, at least in part, on allegations that Wells

17  Fargo improperly originated the loan and then foreclosed on the subject property despite allegedly

18  representing that it would not.  Thus, Plaintiff implicates several preempted categories, including

19  "disclosure and advertising," the "the circumstances under which a loan may be called due and

20  payable" and the "processing, origination, servicing, sale or purchase of, or investment or

21  participation in, mortgages" and therefore is preempted by HOLA.  *Casas*, 2012 WL 5877641 at *3

22  (quoting 12 C.F.R. § 560.2(b)(4)-(5), (b)(9)-(10)); *see also Fowler v. Wells Fargo Bank*, No. 12-

23  04869, 2012 WL 5503538, *4 (N.D. Cal. 2012) (explaining that "[i]nitiation of the foreclosure

24  process … is the type of lending activity expressly contemplated by § 560.2(b)(10)" and holding that

25  state law claims with "allegations deal[ing] with the processing, origination, and servicing of the

26  mortgage, *see* § 560.2(b)(10), … are preempted by HOLA."); *Cordon v. Wachovia Mortg., a Div. of

27  Wells Fargo Bank, N.A.*, 776 F.Supp.2d 1029, 1037 (N.D. Cal. 2001) (holding state law fraud claims

28  preempted because they were "encompassed by … § 560.2(b)(9), which applies to 'disclosure and

10

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

1    advertising'"); *Hughes v. Equity Plus Fin.*, No. 09-2927, 2010 WL 2836828, *3 (S.D. Cal. July 19,

2    2010) (holding that HOLA, through § 560.2(b)(9) and (10), preempted claims for intentional

3    misrepresentation); *Amaral v. Wachovia Mortg. Corp.*, 692 F.Supp.2d 1226, 1237–38 (E.D. Cal.

4    2010) (finding that HOLA preempted a fraud claim that "concerns lending and revolves around the

5    'processing, origination [and/or] servicing' of a mortgage") (citing 12 C.F.R. § 560.2(b)(10));

6    *Parmer v. Wachovia*, No. 11-0672, 2011 WL 1807218, *1 (N.D. Cal. Apr. 22, 2011) ("[P]laintiff's

7    claims … allege defendant's purportedly wrongful acts in executing a foreclosure sale pursuant to

8    the Deed of Trust, and in making misleading representations concerning a loan modification with

9    respect to the property.  Each of the foregoing claims, therefore, relates to … the servicing or

10   processing of the loan and/or its sale to a subsequent purchaser.  Accordingly, HOLA preemption

11   results….").  Thus, Wells Fargo's motion to dismiss each cause of action in the Complaint should

12   also be sustained because all five causes of action are preempted by HOLA.

13       **C.       Plaintiff's Claims Fail for Additional Reasons**

14            **1.       Plaintiff Fails to State a Claim to "Cancel Instruments" (First Cause of**

15                  **Action)**

16        In an amorphous first cause of action, Plaintiff seeks what appears to be injunctive relief: to

17   have the trustee's deed on sale cancelled.  (Compl. ¶ 16).  However, injunctive relief is not a cause

18   of action; it is a remedy that must be tethered to some independent legal duty owed by the defendant

19   to the plaintiff.  *McDowell v. Watson*, 59 Cal.App.4th 1155, 1159 (1997); *Cox Commc'ns PCS, L.P.*

20   *v. City of San Marcos*, 204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002).

21        This claim appears to be nothing more than a combination of the allegations set forth more

22   fully in Plaintiff's subsequent causes of action.  Where, as here, the Complaint fails to allege a single

23   viable cause of action against Wells Fargo or contain sufficient facts to the requested relief, a claim

24   for injunctive relief cannot stand.   As discussed in detail below, each and every one of Plaintiff's

25   claims is without merit and fatally defective.  Consequently, there is nothing to support her request

26   for an injunction, and this claim should be dismissed.

27        Plaintiff's action to "cancel instruments" also fails because, as is required in any action to set

28   aside a foreclosure sale, Plaintiff fails to plead a willingness and ability to tender the full loan

1   proceeds.  It is settled in California that "[a]n action to set aside a foreclosure sale, unaccompanied

2   by an offer to redeem, does not state a cause of action which a court of equity recognizes."  *Geren v.*

3   *Deutsche Bank Nat.*, 2011 WL 3568913, *5 (E.D. Cal. Aug. 12, 2011). The tender rule is strictly

4   applied in California.  *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003).  Tender must be of the

5   full debt, and any offer to tender must be made in good faith, with the ability to perform, and

6   unconditionally.  Cal. Civ. Code §§ 1486, 1493, 1494 , and 1495; *see also Karlsen v. Am. Savs. &*

7   *Loan Assn.*, 15 Cal.App.3d 112, 118 (1971) ("[A]n offer [to tender] is of no effect if the person

8   making it is not able to perform") (citing Cal. Civ. Code, § 1495).

9        To the extent that Plaintiff's "cancellation" claim is really one to unwind the trustee's sale,

10   Plaintiff cannot state this type of claim without alleging that she (1) has tendered or (2) is willing and

11   able to tender the full loan proceeds.  *See Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006 (1948) ("A

12   party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a

13   deed of trust…."); *Karlsen*, 15 Cal.App.3d at 117 (an action for wrongful foreclosure,

14   unaccompanied by an offer to redeem, does not state a cause of action which a court of equity

15   recognizes).  As noted above, the Complaint lacks any such allegation.  This additionally

16   necessitates dismissal of Plaintiff's "cancellation" claim.

17        Plaintiff also cannot bring a claim against Wells Fargo to "cancel" the Trustee's Deed Upon

18   Sale because she is not a party to the document.  (*Cf.* Compl. ¶ 16).  California Civil Code § 3412,

19   which governs cancellation of instruments, comports with the "general rule [that] a ***party*** to the

20   contract or a privy thereto, and he ***alone***, is entitled to maintain a suit to cancel or rescind it."  *Reina*

21   *v. Erassaret*, 90 Cal.App.2d 418, 424 (1949) (emphasis added).  Similarly, Plaintiff cannot seek

22   rescission because she is not a ***party*** to the Trustee's Deed Upon Sale. *See* Cal. Civ. Code §§ 1689,

23   1691, 1692 (only a party to a contract may seek to rescind it).  And Civil Code § 1058.5 specifically

24   provides that "*[o]nly* the trustee or beneficiary who caused the trustee's deed to be recorded, or his

25   or her successor in interest, may record a notice of rescission."  Cal. Civ. Code § 1058.5 (emphasis

26   added).

27        Finally, Plaintiff's cancellation claim relies on allegations that the deed of trust was

28   improperly transferred and the deed of trust and note improperly split.  (Compl. ¶ 15).  However,

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Hughes v. Wells Fargo Bank.*,  Case No. 3-13-CV-0499

1    Plaintiff does not plead any facts to suggest that her loan was foreclosed on by the wrong party.  In

2    fact, judicially noticeable documents demonstrate that World Savings Bank, FSB—the originator of

3    Plaintiff's loan—is now Wells Fargo, the party that allegedly foreclosed on her loan.  RJN, Exs. A,

4    C, L-P.  Plaintiff's allegations therefore have no merit.

5            For all these reasons, in addition to those addressed in Section V(A) and (B), Wells Fargo's

6    Motion to Dismiss the first cause of action should be granted.

7                    **2.    Plaintiff Fails To State An "Unlawful" or "Unfair" UCL Claim (Second**

8                            **Cause of Action).**

9            To state a claim under California Business and Professions Code § 17200 *et seq.* (the

10   "UCL"), a plaintiff must allege that a given defendant engaged in an "unlawful, unfair or fraudulent

11   business act or practice" as a result of which the plaintiff suffered an "injury in fact" and "lost

12   money or property."  Cal. Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of*

13   *America*, 115 Cal.App.4th 322 (2004).  Further, "[a] plaintiff must state with reasonable particularity

14   the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14

15   Cal.App.4th 612, 619 (1993). And, in doing so, a plaintiff cannot rely on assertions of vicarious

16   liability.  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F. 3d 788, 808-09 (9th Cir. 2007) (quoting

17   *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 960 (2002)).  Here, the second cause of action

18   appears to attempt to bring claims against Wells Fargo for "unfair business practices."  This attempt

19   fails.

20           First, Plaintiff has not pled a violation under the "unlawful" prong of the statute.  See *Krantz*

21   *v. BT Visual Images, LLC*, 89 Cal.App.4th 164, 178 (2001) ("unlawful" prong of UCL requires

22   underlying violation of law).  Here, Plaintiff does not allege any facts that suggest Wells Fargo

23   engaged in unlawful conduct.  Her vague allegations regarding misrepresentations and a purportedly

24   predatory loan, without more, are factually deficient and do not satisfy the "unlawful" prong.

25           Second, Plaintiff has not pled a violation under the "unfair" prong of the statute.  To do so,

26   Plaintiff was required to plead, with particularity, when and how Wells Fargo engaged in the

27   allegedly "unfair" conduct.  *See Khoury,* 14 Cal.App.4th at 619; *accord Altman v. PNC Mortg.*, No.

28   11-1807, 2012 WL 174966, *14 (E.D. Cal. Jan. 20, 2012).  However, at best Plaintiff pled that Wells

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

13

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

1    Fargo improperly appraised her home and failed to provide a loan modification to her despite

2    considering it—far from objectively "unfair."  Moreover, to constitute "unfair" conduct covered by

3    the UCL, the conduct must be "tethered to some legislatively declared policy."  *Cel-Tech*

4    *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 186-187 (1999); *see*

5    *also Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 940 (2003).  Here the Complaint fails to

6    explain how Wells Fargo engaged in any such "unfair" practices.  This further necessitates dismissal.

7    *See Simila v. American Sterling Bank*, No. 09-781, 2010 WL 3988171, *6 (S.D. Cal. Oct. 12, 2010)

8    (dismissing UCL claim on this basis).

9            Finally, and independently, "[t]o bring a claim under the UCL, … [a plaintiff] must have

10   suffered an injury in fact and lost money or property as a result of [the] alleged unfair or fraudulent

11   practices."  *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-01390, 2011 WL 311376, *7 (N.D. Cal. Jan.

12   28, 2011) (citing Cal. Bus. & Prof. Code § 17204; *Clayworth v. Pfizer, Inc.*, 49 Cal.4th 758, 788

13   (2010)).  "A UCL plaintiff must therefore prove that the alleged … practice caused their harm."

14   *Justo v. Indymac Bancorp*, No. 09-1116, 2010 WL 623715, *6 (C.D. Cal. Feb. 19, 2010) (citing

15   *Daro v. Superior Court*, 151 Cal.App.4th 1079, 1099 (2007)).  "There is no causation 'when a

16   complaining party would suffer the same harm whether or not a defendant complied with the law.'"

17   *Id*.

18           Here Plaintiff has not identified any conduct by Wells Fargo that caused her to lose money or

19   property.  Among other things, she does not pled facts that would establish that she paid any money

20   to any party other than that lawfully due and owing on her mortgage obligation.  *See Sipe v.*

21   *Countrywide Bank*, No. 09-798, 2010 WL 2773253, *13-14 (E.D. Cal. July 13, 2010) (dismissing

22   UCL claim, agreeing with defendant that "plaintiff has not shown how he has been damaged by

23   making the loan payments that he promised he would make when he executed the note and deed of

24   trust").  Nor can she claim that she has improperly lost any property to Wells Fargo— the

25   foreclosure resulted from Plaintiff's admitted default.  Thus, the foreclosure itself would not confer

26   standing under the UCL.  *See DeLeon*, 2011 WL 311376 at *7 ("[T]he Court cannot reasonably infer

27   that [defendant's] alleged misrepresentations resulted in the loss of Plaintiffs' home. Rather, the

28   facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Hughes v. Wells Fargo Bank.*,  Case No. 3-13-CV-0499

1  monthly payments and lacked the financial resources to cure the default. … For this reason,

2  Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed."); *accord Cornejo v.*

3  *JPMorgan Chase Bank*, No. 11-4119, 2012 WL 628179, *6 (C.D. Cal. Feb. 27, 2012) (dismissing

4  UCL claim on this basis).

5       For all these reasons, the second cause of action should be dismissed with prejudice.

6       **3.**      **Plaintiff Fails To State A Breach of Contract Claim (Third Cause of**

7       **Action).**

8       The third cause of action, for "Breach of Contract," seeks an order that the "defendants" (sic)

9  comply with their purported "prior agreements and representations" allegedly made by to Plaintiff in

10  prior to the foreclosure.  (*See* Compl. ¶¶ 21-23).  It fails to state a claim against Wells Fargo.

11       "'[T]o state a claim for breach of contract, a plaintiff must plead: 1) the existence of the

12  contract; 2) plaintiff's performance or excuse for nonperformance of the contract; 3) defendant's

13  breach of the contract; and 4) resulting damages.'"  *Hawkins*, 2010 WL 4823808 at *9 (quoting

14  *Armstrong Petrol. Corp. v. Tri Valley Oil & Gas Co*., 116 Cal.App.4th 1375, 1391 n. 6 (2004)).  "In

15  addition, to establish a right to specific performance, Plaintiff must plead facts showing that: (1) the

16  contract terms are sufficiently definite; (2) consideration is adequate; (3) there is substantial

17  similarity of the requested performance to the contractual terms; (4) there is mutuality of remedies;

18  and (5) plaintiff's legal remedy is inadequate."  *Katz v. Cal-Western Reconveyance Corp*., No. 09-

19  04866, 2010 WL 3768049, *2 (N.D. Cal 2010) (citing *Union Oil Co. of California v. Greka Energy*

20  *Corp*., 165 Cal.App.4th 129, 741 (2008)).

21       Plaintiff doesn't plead any of these elements.  Indeed, Plaintiff doesn't even allege that she

22  ***entered*** into any contract with Wells Fargo, let alone what its terms were.  If the contract a plaintiff

23  seeks to sue on is written, " [1] the terms must be set out verbatim in the body of the complaint or [2]

24  a copy of the written agreement must be attached and incorporated by reference."  *Harris v. Rudin,*

25  *Richman & Appel*, 74 Cal.App.4th 299, 307 (1999); *accord Mora v. U.S. Bank N.A.*, No. 11-6598,

26  2012 WL 2061629, *2-3 (N.D. Cal. June 7, 2012); *Cross v. Wells Fargo Bank, N.A.*, No. 11–00447,

27  2011 WL 6136734, *4-5 (C.D. Cal. Dec. 9, 2011); *Johnston v. Ally Financial Inc.*, No. 11-0998,

28  2011 WL 3241850, *2 (S.D. Cal. July 29, 2011); s*ee also Grill v. BAC Home Loans Servicing LP*,

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

15

No. 10-03057, 2011 WL 127891, *2 (E.D. Cal. Jan. 14, 2011) (explaining that plaintiffs may not "'surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.'") (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).[5] Here Plaintiff fails to do either. This necessitates dismissal. *See Cross*, 2011 WL 6136734 at *4-5 ("By not providing the terms of the written agreements, Plaintiffs have not provided facts sufficient to state a claim for breach of contract."); *Johnston*, 2011 WL 3241850 at *2 ("Because Plaintiffs failed to provide the Court with a copy of the alleged contract or set out verbatim what provisions of it were breached, Plaintiffs have not satisfied the elements of their breach of contract claim.").

Plaintiff also has not pled the breach of any ***oral*** contract for at least three reasons:

First, the alleged oral agreement is barred by the statue of frauds. Specifically, California law provides that "[a]n agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds." *Melegrito v. CitiMortgage Inc.*, No. 11–01765, 2011 WL 2197534, *13 (N.D. Cal. June 6, 2011) (quoting *Secrest v. Security Nat. Mortg. Loan Trust 2002–2*, 167 Cal.App.4th 544, 553 (2008)). On that basis, courts have repeatedly found that an "alleged promise to modify [a] loan is subject to the statute of frauds," and dismissed breach of contract claims premised on alleged oral loan modifications. *See id.* (holding that an alleged oral offer of a trial period plan is unenforceable in light of statute of frauds); *Johnston*, 2011 WL 3241850 at *3 (dismissing breach of contract claim, stating: "[A]ny agreement for a modification of Plaintiffs' mortgage would be subject to the requirements of the statute of frauds, and any oral contract attempting to modify it would be invalid.") (citing *Secrest*, 167 Cal.App.4th at 553); *Dooms v. Federal Home Loan Mortg. Corp.*, No. 11–0352, 2011 WL 1303272, *5-6 (E.D. Cal. Mar. 31, 2011) ("[It is] correct that 'an alleged offer for a loan modification is subject to the statute of frauds since it seeks to modify a deed of trust, which is subject to the statute of frauds.' The complaint fails to

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

---

[5] For instance, in *Grill*, the court reviewed the written language of a trial modification plan and determined that it contradicted the plaintiff's claim that an enforceable contract for loan modification existed. *Grill*, 2011 WL 127891 at *2. Many other courts have examined trial modification plans and determined that they did not contain an enforceable offer for loan modification. *E.g. Morales v. Chase Home Finance LLC*, No. 10-02068, 2011 WL 1670045, *5 (N.D. Cal. Apr. 11, 2011) (collecting authority).

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Hughes v. Wells Fargo Bank.*, Case No. 3-13-CV-0499

1   identify a written modification and fails to allege that the … defendants signed an agreement. The

2   statute of frauds bars the breach of contract claim which is subject to dismissal.").  At best, Plaintiff

3   claims that Wells Fargo representatives promised to give her a loan modification and that her

4   property would not be foreclosed on during the modification process while she was making her

5   payments.  (Compl. ¶¶ 8, 9).  But "payment of money alone is not enough as a matter of law to take

6   an agreement out of the statute of frauds."  *Secrest*, 167 Cal.App.4th at 548-56 (explaining that while

7   full performance by one party to an oral contract may take the contract out of the statute of frauds,

8   this principle "has been limited to the situation where performance consisted … doing something

9   other than payment of money").

10          Second, the alleged payments were already due to Wells Fargo each month under the original

11   loan terms.  (RJN Ex. 1).  Thus, even if the alleged oral loan modification were not barred by the

12   statue of frauds (and it is), no consideration existed to support it.  *See Mehta v. Wells Fargo Bank,*

13   *N.A.*, 737 F.Supp.2d 1185 (S.D. Cal. 2010) (explaining that, even if the statute of frauds does not

14   apply, to state a claim for breach of oral contract a plaintiff must plead sufficient consideration)

15   (citing Cal. Civ. Code § 1698); *Robinson v. Bank of America, N.A.*, No. 10–2135, 2010 WL

16   5114738, *7-8 (E.D. Cal. Dec. 9, 2010) (dismissing breach of contract claim pursuant to statute of

17   frauds, and further because the defendant was is "correct that a 'loan modification agreement would

18   require new consideration other than [the plaintiff's]  existing debt'"); *Reyes v. Wells Fargo Bank,*

19   *N.A.*, No. 10-01667, 2011 WL 30759, *16 (N.D. Cal. Jan. 3,  2011) ("It is well established that

20   where the money paid under an agreement was already owed under a prior agreement, it is not

21   consideration …."); *see also Beck v. Wells Fargo Home Mortg., N.A.*, No. 10-2150, 2010 WL

22   5340563, *2 (S.D. Cal. Dec. 10, 2010) (no detrimental reliance in allegedly making trial payments

23   when they were less than payment already owed).

24          Third, Plaintiff simply cannot seek specific performance of an alleged contract or loan

25   modification agreement without setting out all of its salient terms.  *See Katz*, 2010 WL 3768049 at

26   *2 ("In addition, to establish a right to specific performance, Plaintiff must plead facts showing that:

27   (1) the contract terms are sufficiently definite; (2) consideration is adequate; (3) there is substantial

28   similarity of the requested performance to the contractual terms; (4) there is mutuality of remedies;

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

17

1   and (5) plaintiff's legal remedy is inadequate."). Plaintiff does not allege any specific or definite

2   terms of the purported agreement with Wells Fargo. This additionally necessitates dismissal. *See*

3   *Mora*, 2012 WL 2061629 at *6 (dismissing analogous claim, stating: Plaintiffs seek specific

4   performance of the contract but do not allege, among other things, sufficiently definite terms that

5   would allow the Court to determine whether the requested performance is substantially similar to

6   that required under the contract."); *see also Ehlert v. America's Servicing Co.*, No. 11-1359, 2011

7   WL 4862426, *2 n.4 (S.D. Cal. Oct. 12, 2011) (finding that "[p]laintiffs have failed to allege a clear

8   and unambiguous promise" where "[t]he alleged oral agreement contains none of the terms of the

9   future loan modification"); *Melegrito*, 2011 WL 2197534 at *13 (finding that "conclusory

10  allegations about … a loan modification with unspecified terms at some point in the unspecified

11  future are insufficient to permit the court to reasonably infer that [a defendant] made a clear promise

12  to modify [a] loan.").

13      In sum, Plaintiff has failed to plead that she and Wells Fargo ever entered into a loan

14  modification agreement or an agreement to forego foreclosure, let alone what the salient terms of

15  any agreement supposedly were. Thus, she has failed to state a breach of contract claim or any claim

16  to compel specific performance. Further, because there is nothing to take the purported oral

17  agreement out of the statute of frauds and because there was no supporting consideration per

18  Plaintiffs own allegations, amendment would not cure this claim. It should be dismissed with

19  prejudice.

### 4.    Plaintiff Fails To State A Breach of Implied Covenant Claim (Fourth Cause of Action).

22      In her fourth cause of action, Plaintiff incorporates the previous allegations and claims that

23  Wells Fargo "violated the concept of good faith and fair dealing" by agreeing to process a loan

24  modification that would "more truly reflect the value of the property" and was amortized over its

25  term. (Compl. ¶ 25). In addition, Plaintiff claims that Wells Fargo breached the covenant by

26  foreclosing on the home while the modification was being processed, despite representations that it

27  would not do so. (Compl. ¶ 26). These allegations do not state a claim as a matter of law.

28

*Locke Lord LLP*
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

1   "Under California law, the implied covenant of good faith protects only the express promises

2   of the contract."  *Chroma Lighting v. GTE Products Corp.*, 111 F.3d 137, 1997 WL 175062, *4 (9th

3   Cir. 1997) (citations omitted).  It "rests upon the existence of some ***specific contractual obligation***."

4   *Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*, 11 Cal.App.4th 1031, 1032 (1992)

5   (emphasis added).  "The covenant 'cannot impose substantive duties or limits on the contracting

6   parties beyond those incorporated in the ***specific terms*** of their agreement.'"  *Agosta v. Astor*, 120

7   Cal.App.4th 596, 607 (2004) (emphasis added) (citation omitted).

8       Here, Plaintiff fails to identify the specific contractual provision(s) on which she relies. In

9   fact, for all the reasons set forth above, Plaintiff has failed  to plead the existence of any contract at

10  all.  This alone necessitates dismissal.  *See Dooms*, 2011 WL 1303272 at *8 (dismissing breach of

11  implied covenant claim where the plaintiff had not pled "a specific contractual obligation on which

12  to premise an implied covenant claim").  Moreover, Plaintiff's breach of implied covenant claim

13  fails to state a claim as a matter of law for two additional reasons:

14      First, the conduct that Plaintiff actually takes issue with is a supposed representation

15  regarding making a loan modification and the timing of a foreclosure.  (Compl. ¶¶ 25-26).  Such

16  conduct is not and could not be governed by the implied covenant, which, as discussed immediately

17  above, relates solely to the enforcement of specific contractual provisions in a contract that was

18  actually entered into.

19      Second, under California law, "tort recovery for breach of the covenant of [good faith and

20  fair dealing] is available only in limited circumstances, generally involving a special relationship

21  between the contracting parties…."  *Bionghi v. Metro Water Dist.*, 70 Cal.App.4th 1358, 1370

22  (1999); *accord Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002)

23  ("Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair

24  dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'").

25  The "implied covenant tort is not available to parties of an ordinary commercial transaction where

26  the parties deal at arms' length."  *Pension Trust Fund*, 307 F.3d at 955; *see also Copesky v. Superior

27  Court*, 229 Cal.App.3d 678, 694 (1991) ("[T]he bank-depositor relationship is not a 'special

28  relationship' . . . such as to give rise to tort damages when an implied contractual covenant of good

faith is broken."); *Lal v. American Home Mortg. Servicing, Inc.*, No. 09-01585, 2009 WL 3126450, *4 (E.D. Cal. Sept. 24, 2009) ("California has rejected a rule that would apply tort recovery for breach of the implied covenant in 'normal commercial banking transactions.'"). Here Plaintiff has "pled no facts establishing a 'special relationship' between [herself]" and Wells Fargo. *See Leids v. Metlife Home Loans*, No. 09-7016, 2009 WL 4894991, *3 (C.D. Cal. Dec. 7, 2009) ("Generally, no claim for the tortious breach of the implied covenant of good faith and fair dealing can be alleged unless the parties are in a 'special relationship' … Plaintiffs have failed to allege facts sufficient to show that they had a special relationship with the defendant.").

For all these reasons, the fourth cause of action should also be dismissed with prejudice because it does not and could not state a claim even if Plaintiff were given leave to plead additional facts.

### 5. Plaintiff Fails To State A Claim for Negligence (Fifth Cause of Action).

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 481 (1996).

Here, Plaintiff fails to even allege an underlying legal duty to support her negligence claim. "The existence of a legal duty to use reasonable care … is a question of law for the court to decide." *Vasquez v. Residential Investments, Inc.*, 118 Cal. App. 4th 269, 278 (2004). California courts have long held that there is no duty of care owed to a borrower where an institution's involvement in the loan transaction "does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991); see also *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006) ("Absent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender.'").

Moreover, there is no legal duty to provide a borrower a loan modification. See *Santos v. Countrywide Home Loans*, 2009 WL 3756337, *5 (E.D. Cal. Nov. 6, 2009) ("'[N]othing in Cal. Civ.

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans …. Plaintiff also has no private right of action against defendants under the [Emergency Economic Stabilization Act of 2008] or the Hope for Homeowners Act"); *Cleveland v. Aurora Loan Services, LLC*, 2011 WL 2020565, *3-4 (N.D. Cal. May 24, 2011) (because "there is no express or implied private right of action to sue lenders or loan servicers for violation of HAMP" a borrower may not bring "cause[s] of action against lenders for failing to consider [an] application for loan modification, or even to modify an eligible loan"); see also *Mabry v. Superior Court*, 185 Cal.App.4th 208, 222-23 (2010) ("[Cal Civ. Code] Section 2923.6 merely expresses the hope that lenders will offer loan modifications on certain terms.").

Plaintiff fails to plead any facts suggesting that Wells Fargo owed her a duty; she similarly fails to allege any facts demonstrating any "special circumstances" involving her lender-borrower relationship with Wells Fargo.  She thus has not and cannot plead the existence of a duty of care as a result.  Her negligence claim therefore cannot stand and should be dismissed with prejudice.  See *Watts v. Decision One Mortg. Co.*, 2009 WL 2044595, *2-3 (S.D. Cal. July 13, 2009); *Madrid v. Bank of America Corp.*, 2011 WL 1597475, *3 (S.D. Cal. Apr. 26, 2011).

## VI.   CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court grant its Motion and dismiss Plaintiff's entire Complaint with prejudice.

Dated: February 8, 2013

Respectfully submitted,

LOCKE LORD LLP


By: _/s/ Jonathan S. Lieberman_____
    Regina J. McClendon
    Jonathan S. Lieberman

Attorneys for Defendant
WELLS FARGO BANK, N.A., SUCCESSOR
BY MERGER WITH WELLS FARGO BANK
SOUTHWEST N.A., FORMERLY KNOWN AS
WACHOVIA MORTGAGE FSB, FORMERLY
KNOWN AS WORLD SAVINGS BANK FSB

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
*Hughes v. Wells Fargo Bank.,*  Case No. 3-13-CV-0499