UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROSE HUGHES,<br><br>     Plaintiff,<br><br>  vs.<br><br>WELLS FARGO BANK fka WACHOVIA MORTGAGE fsb, fka WORLD SAVINGS BANK, and DOES 1-10 inclusive,<br><br>     Defendants. | Case No: C 13-00499 SBA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION**<br><br>Docket 16 |

On April 2, 2013, Magistrate Judge Jacqueline Scott Corley ("the Magistrate") issued a Report and Recommendation in which she recommends that this action be dismissed with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Dkt. 16. The Report and Recommendation states that Plaintiff has failed to file an opposition or statement of non-opposition to Defendant's motion to dismiss, and has failed to file a response to the Magistrate's Order to Show Cause Re: Failure to Prosecute ("OSC"). Id. The Report and Recommendation also states that "[a]s Plaintiff has neither consented to nor declined the undersigned magistrate judge's jurisdiction, the Clerk of the Court is ordered to reassign this action to a district court judge." Id. On April 11, 2013, this case was reassigned to the undersigned. Dkt. 19.

Any objections to the Magistrate's Report and Recommendation were required to be filed within fourteen days of service thereof. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made,"

1  and "may accept, reject, or modify, in whole or in part, the findings or recommendations
2  made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).
3      The deadline to object to the Report and Recommendation was April 16, 2013. See
4  Fed.R.Civ.P. 6(a)(1); Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To date, no
5  objections have been filed. In the absence of a timely objection, the Court "need only
6  satisfy itself that there is no clear error on the face of the record in order to accept the
7  recommendation." Fed.R.Civ.P. 72, Advisory Committee Notes (1983) (citing Campbell v.
8  U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)); see also United States v. Reyna-Tapia,
9  328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear
10 that the district judge must review the magistrate judge's findings and recommendations de
11 novo *if [an] objection is made*, but not otherwise.") (en banc). The Court has reviewed the
12 record on its face and finds no clear error.
13     Although the Magistrate did not specifically analyze the factors for dismissal under
14 Rule 41(b), the Court has reviewed the record, including the findings of the Magistrate, and
15 finds that dismissal is appropriate for failure to prosecute. An action may be dismissed
16 under Rule 41(b) for failure to prosecute or to comply with a Court Order. See Hells
17 Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005)
18 (recognizing that a district court may dismiss an action pursuant to Rule 41(b) sua sponte
19 for a plaintiff's failure to prosecute or comply with a court order); Ferdik v. Bonzelet, 963
20 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss an action for failure to
21 comply with any order of the court"). "In determining whether to dismiss a claim for
22 failure to prosecute or failure to comply with a court order, the Court must weigh the
23 following factors: (1) the public's interest in expeditious resolution of litigation; (2) the
24 court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4)
25 the availability of less drastic alternatives; and (5) the public policy favoring disposition of
26 cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).
27     In the instant case, the Court finds that the above-referenced factors weigh in favor
28 of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution

1  of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th
2  Cir. 1999).  This is particularly true in the instant case where Plaintiff has impeded the
3  Court's ability to move this case forward by failing to respond to Defendant's motion to
4  dismiss and to the Magistrate's OSC.

5       The second factor, the Court's need to manage its docket, also militates in favor of
6  dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its
7  docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d at
8  990 (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261
9  (non-compliance with a court's order diverts "valuable time that [the court] could have
10  devoted to other major and serious criminal and civil cases on its docket").  The Court
11  cannot manage its docket if it maintains cases where, as here, a Plaintiff disregards a Court
12  Order and fails to prosecute her case.  The Court must devote its limited resources to cases
13  in which the litigants are actually proceeding.

14       The third factor, the risk of prejudice to the defendant, generally requires that "a
15  defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial
16  or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at
17  642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's
18  reason for defaulting."  Id.  Here, Plaintiff has offered no explanation for her failure to
19  respond to Defendant's motion to dismiss or to the Magistrate's OSC, nor is any apparent
20  from the record.  These facts weigh strongly in favor of dismissal.  See Yourish, 191 F.3d
21  at 991-992.

22       As for the fourth factor, less drastic alternatives to dismissal have been considered.
23  On March 13, 2013, the Magistrate issued an OSC directing Plaintiff to show cause why
24  this action should not be dismissed for failure to prosecute.  Dkt. 15.  In that Order, the
25  Magistrate warned Plaintiff that this action may be dismissed if she fails to respond to
26  Defendant's motion to dismiss and to the OSC by March 27, 2013.  Id.  "[A] district court's
27  warning to a party that failure to obey the court's order will result in dismissal can satisfy
28  the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at 1262.

1 | The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety for failure to prosecute. Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

Accordingly, for the reasons stated above,

IT IS HEREBY ORDERED THAT the Magistrate's Report and Recommendation (Dkt. 16) is ACCEPTED. This action is dismissed with prejudice for failure to prosecute under Rule 41(b). The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 4/22/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge